# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 19-cv-00319-NYW

JAMES ROBERTS,

    Plaintiff,

v.

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,

    Defendant.

## MEMORANDUM OPINION AND ORDER

Magistrate Judge Nina Y. Wang

This matter comes before the court on three motions filed by Defendant State Farm Mutual Automobile Insurance Company ("State Farm" or "Defendant"):

    (1)    Defendant's Motion for Summary Judgment [#30, filed June 14, 2019];

    (2)    Defendant's Motion to Stay Discovery ("Motion to Stay") [#31, filed June 14, 2019]; and

    (3)    Defendant's Unopposed Motion for Leave to File Excess Pages [#35, filed July 10, 2019].

The undersigned Magistrate Judge considers the Motions pursuant to 28 U.S.C. § 636(c) and the Order of Reference for all purposes [#15]. This court concludes that oral argument will not materially assist in the resolution of these matters. Accordingly, having reviewed the Motion and associated briefing, the applicable case law, and the entire docket, the court **DENIES** Defendant's Motion for Summary Judgment without prejudice, with leave to re-file and **DENIES AS MOOT** the Motion to Stay and Unopposed Motion for Leave to File Excess Pages.

**BACKGROUND**

This civil action arises out of an insurance dispute between Plaintiff James Roberts ("Plaintiff" or "Mr. Roberts") and his insurer State Farm. *See* [#1; #28]. About February 2017, Plaintiff sustained bodily injuries because of an automobile collision. [#28 at ¶¶ 7-8]. Believing his medical bills were more than the tortfeasor's own insurance limits, Plaintiff sought additional underinsured motorist ("UIM") benefits from State Farm. *See* [*id.* at ¶ 9].

The Parties exchanged several rounds of correspondence regarding Mr. Roberts's UIM claim. *See* [*id.* at ¶¶ 10-46]. Specifically, on April 17, 2018, State Farm offered $59,319.45 to settle Plaintiff's claim. [*Id.* at ¶ 11]. Then, on June 12, 2018, State Farm wrote Mr. Roberts and stated that it had evaluated $23,500 for pain and suffering for Plaintiff's UIM claim. [*Id.* at ¶ 14]. Though State Farm tendered benefits in the amount of $35,819.45 under the insurance policy, *see* [*id.* at ¶¶19-20], Plaintiff initiated this civil action asserting claims for breach of contract and unreasonable delay or denial of an insurance benefit pursuant to Colo. Rev. Stat. § 10-3-1115 ("statutory bad faith") on February 6, 2019, *see* [#1]. Following service of the Complaint on February 11, 2019, Defendant tendered an additional $23,500 in benefits as a reasonable amount owed to Plaintiff. *See* [#28 at ¶ 49].

Relevant here, Mr. Roberts filed a Motion to Amend his Complaint on May 31, 2019. *See* [#25]. Then, on June 13, 2019, the Parties appeared before the undersigned for an informal telephonic discovery dispute conference regarding the Rule 30(b)(6) Notice issued to State Farm by Plaintiff. As confirmed by the court's review of the electronic recording of the conference, Plaintiff conceded that he was not seeking any additional UIM benefits under the policy, but he continued to argue that Defendant's payment of the $23,500 constituted a confession of the breach of contract claim. [#27]. Also at this conference, Defendant indicated that it would not oppose

the Motion to Amend in favor of filing of a dispositive motion, and thus the undersigned granted the Motion to Amend and deemed the Amended Complaint the operative pleading in this matter. *See* [#27]. The Amended Complaint, like the Complaint, asserts a breach of contract and statutory bad faith claim. *See* [#28]. Defendant then discussed its intention to file the instant Motion to Stay requesting that the court stay all discovery pending its determination of a forthcoming dispositive motion directed at the Amended Complaint.[1] *See* [*id.*].

On June 14, State Farm filed an Answer [#29]; a Motion for Summary Judgment, arguing that it is entitled to judgment as a matter of law on Plaintiff's statutory bad faith claim [#30]; and the instant Motion to Stay [#31]. Plaintiff has since filed his Response to the Motion to Stay [#33], and the court prohibited any Reply absent leave of the court; no such leave has been requested. Plaintiff has also filed his Response to the Motion for Summary Judgment [#34]. Though the time to Reply to the Motion for Summary Judgment has not yet lapsed, the issues presented by the Motion to Stay are intertwined with the Motion for Summary Judgment and this court finds that it is appropriate to adjudicate both matters presently.[2] *See* D.C.COLO.LCivR 7.1(d). I therefore consider the Parties' arguments below.

**LEGAL STANDARDS**

**I.     Motion for Summary Judgment**

State Farm moves for summary judgment in its favor on the second claim for relief, i.e., violation of Colo. Rev. Stat. § 10-3-1115(1)(a) for unreasonable delay of the payment of Mr.

---

[1] Upon further review by the court of the electronic recording for the Scheduling Conference, this court notes that Defendant's counsel was correct when she asserted that this court originally contemplated Plaintiff would file a motion for certain discovery in response to the forthcoming dispositive motion by Defendant.

[2] For this reason, the court **DENIES** Defendant's Unopposed Motion for Leave to File Excess Pages. [#35].

Roberts's UIM claim.³ Summary judgment is appropriate only if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Henderson v. Inter–Chem Coal Co., Inc.*, 41 F.3d 567, 569 (10th Cir. 1994). "A 'judge's function' at summary judgment is not 'to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial.'" *Tolan v. Cotton*, 572 U.S. 650, 656 (2014) (quoting *Anderson v. Liberty Lobby*, 477 U.S. 242, 249 (1986)).

Whether there is a genuine dispute as to a material fact depends upon whether the evidence presents a sufficient disagreement to require submission to a jury or conversely, is so one-sided that one party must prevail as a matter of law. *Anderson*, 477 U.S. at 248-49; *Stone v. Autoliv ASP, Inc.*, 210 F.3d 1132, 1136 (10th Cir. 2000); *Carey v. U.S. Postal Service*, 812 F.2d 621, 623 (10th Cir. 1987). A fact is "material" if it pertains to an element of a claim or defense; a factual dispute is "genuine" if the evidence is so contradictory that if the matter went to trial, a reasonable party could return a verdict for either party. *Anderson*, 477 U.S. at 248. "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no

---

³ The Motion for Summary Judgment addresses only Mr. Roberts's statutory bad faith claim and states in a footnote that this is the only claim left in this matter. *See* [#30 at 5-6 & n.1]. But the Amended Complaint asserts a breach of contract claim, and a review of the electronic recordings from both the Scheduling Conference and the June 13 Discovery Conference suggested that Defendant intended to move for summary judgment on the breach of contract issue as well—a point that Plaintiff contested given his theory that Defendant had confessed judgment as to that claim. As the court indicated during those proceedings and in this Order, it is unclear as to the legal basis for Mr. Roberts's breach of contract claim given his admission that he was not pursuing any additional UIM payments under his State Farm policy. Nevertheless, as the pleadings now stand, that claim has been answered, *see* [#29 at ¶¶ 20-22], and is not formally subject to the Motion for Summary Judgment, though Plaintiff appears to believe that State Farm's Motion for Summary Judgment is "on all claims." [#34 at 2].

'genuine issue for trial.'" *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (citing *First Nat. Bank of Ariz. v. Cities Service Co.*, 391 U.S. 253, 289 (1968)).

**II.     Motion to Stay**

"The Federal Rules of Civil Procedure do not provide for the stay of proceedings while a motion to dismiss is pending. Instead, Rule 1 instructs that the rules of procedure 'shall be construed and administered to secure the just, speedy, and inexpensive determination of every action.'" *Sutton v. Everest Nat'l Ins. Co.*, No. 07 CV 00425-WYD-BNB, 2007 WL 1395309, at *1 (D. Colo. May 9, 2007). Nonetheless, when ruling on a motion to stay, courts weigh the following factors: (1) the plaintiff's interests in expeditiously litigating this action and the potential prejudice to plaintiff of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest. *String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 1:02-CV-01934-LTB-PAC, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006). But "stays of the normal proceedings of a court matter should be the exception rather than the rule," *Christou v. Beatport, LLC*, No. 10-CV-02912-CMA-KMT, 2011 WL 650377, at *1 (D. Colo. Feb. 10, 2011), and courts in this District generally disfavor stays, *see, e.g.*, *Chavez v. Young Am. Ins. Co.*, No. CIVA 06CV02419PSFBNB, 2007 WL 683973, at *2 (D. Colo. Mar. 2, 2007).

Further, Rule 26(c) of the Federal Rules of Civil Procedure provides that a court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense. Fed. R. Civ. P. 26(c). The party seeking a protective order bears the burden of establishing its necessity, *Centurion Indus., Inc. v. Warren Steurer & Assoc.*, 665 F.2d 323, 325 (10th Cir. 1981), but the entry of a protective order is left to the sound discretion of the court. *See Rohrbough v. Harris*, 549 F.3d 1313, 1321 (10th Cir. 2008). As part

of the exercise of its discretion, the court may also specify the terms for disclosure. Fed. R. Civ. P. 26(C)(1)(B). The good cause standard is highly flexible, having been designed to accommodate all relevant interests as they arise. *See Rohrbough*, 549 F.3d at 1321.

**ANALYSIS**

**I.      Motion for Summary Judgment**

In its Motion for Summary Judgment, Defendant argues that, as a matter of law, based on the undisputed facts, it is entitled to judgment in its favor on Plaintiff's statutory bad faith claim. [#30]. Specifically, State Farm urges this court to find that, as a matter of law, there has been no delay in the payment of Mr. Roberts's UIM benefits given the undisputed timeline of events and the fact that Plaintiff can point to no objective industry standard that required payment in a more expedited fashion than undertaken by Defendant. [*Id.*]. State Farm argues the court must resolve this preliminary question before considering the issue of the reasonableness of State Farm's actions. [*Id.* at 7].

In Response, Mr. Roberts contends that State Farm was obligated to pay $39,364.11 by at least mid-June 2018, and withheld it until months later with no justification. [#34]. Looking to state law as industry standards, Mr. Roberts relies on the Unfair Claims Settlement Practices Act ("UCSPA"), Colo. Rev. Stat. § 10-3-1104 *et seq.*, for a basis to argue that there was an unreasonable delay in the payment of $10,819.45 and $5,044.66 prior to litigation. [*Id.* at 14]. He also argues that Defendant unreasonably denied the payment of $23,500 and only paid that amount after litigation, allowing the court to conclude that either State Farm has confessed breach of contract or unreasonable delay. [*Id.* at 15]. Mr. Roberts further relies upon the UCSPA to assert that the statute "imposes on every insurer a duty to act promptly in both communications and investigation in response to a claim," and Defendant's failure to properly communicate and

6

respond to numerous questions as to why payment was being withheld was a breach of that duty. [*Id.*]. Finally, Plaintiff invokes Rule 56(d) of the Federal Rules of Civil Procedure and argues that the circumstances of the withholding of the benefits should be subject to discovery, as this would support the claim that State Farm acted unreasonably in delaying payment of Mr. Roberts's undisputed UIM benefits under *Fisher v. State Farm Mut. Auto. Ins. Co.*, 419 P.3d 985 (Colo. App. 2015), *see* [*id.* at 23-26], and they "may very well give rise to a claim for exemplary damages,"[4] *see* [*id.* at 22, 23, 26].

### A. Statutory Bad Faith

Colo. Rev. Stat. § 10-3-1115(1)(a) provides, "A person engaged in the business of insurance shall not unreasonably delay or deny payment" to an insured person. An insurer's action is unreasonable if its delay or denial of payment was without a reasonable basis. S*ee Turner v. State Farm Mut. Auto. Ins. Co.*, No. 13-cv-01843-MSK-BNB, 2015 WL 1297844, at *3 (D. Colo. Mar. 19, 2015) (citing Colo. Rev. Stat. § 10-3-1115(2)). Given Plaintiff's concession that he is not seeking further UIM benefits, the only element at issue here is whether State Farm delayed Plaintiff's UIM benefits without a reasonable basis. *See Baker v. Allied Prop. & Cas. Ins. Co.*, 939 F. Supp. 2d 1091, 1107 (D. Colo. 2013); *see also Wahlert v. Am. Standard Ins. Co. of Wisconsin*, 173 F. Supp. 3d 1187, 1193 (D. Colo. 2016) (explaining that, because of a statutory bad faith claim's lesser liability burden and onerous penalty provision, such a claim is financially

---

[4] It is not clear to the court that Plaintiff served formal discovery requesting the categories of discovery identified by Plaintiff in his Response to the Motion to Stay. *See* [#33 at 6-7]. Plaintiff appears to have improperly included a request for discovery pursuant to Rule 56(d) within his Response to Defendant's Motion for Summary Judgment, instead of as a separate motion. *See* D.C.COLO.LCivR 7.1(d) ("A motion shall not be included in a response or reply to the original motion."). Nevertheless, this court finds that requiring Plaintiff to file a separate Rule 56(d) Motion would not advance the objectives of Rule 1 of the Federal Rules of Civil Procedure, which directs courts to apply such Rules to secure a just, speedy, and inexpensive determination of every action and proceeding. Fed. R. Civ. P. 1.

more threatening to an insurer). Courts evaluate statutory bad faith claims objectively based on industry standards. *Williams v. Owners Ins. Co.*, 621 F. App'x 914, 919 (10th Cir. 2015).

As discussed above, Defendant argues that the undisputed facts establish, as a matter of law, that State Farm neither delayed, nor acted unreasonably, in its adjustment and payment of Plaintiff's UIM claim, because Plaintiff can point to no industry standard to demonstrate that State Farm was required to pay Mr. Roberts's claim more expeditiously. [#30]. But Mr. Roberts is correct that legislative enactments like the UCSPA or administrative rules, though not conclusive, may be used as evidence of the standard of care. *Am. Family Mut. Ins. Co. v. Allen*, 102 P.3d 333, 343 (Colo. 2004). The UCSPA prohibits:

- Failing to acknowledge and act reasonably promptly upon communications with respect to claims arising under insurance policies, Colo. Rev. Stat. § 10-3-1104(1)(h)(II);

- Failing to affirm or deny coverage of claims within a reasonable time after proof of loss statements have been completed, *id.* § 10-3-1104(1)(h)(V);

- Not attempting in good faith to effectuate prompt, fair, and equitable settlements of claims in which liability has become reasonably clear, *id.* § 10-3-1104(1)(h)(V); and

- Failing to promptly provide a reasonable explanation of the basis in the insurance policy in relation to the facts or applicable law of denial of a claim or for the offer of a compromise statement, *id.* § 10-3-1104(a)(h)(XIV).

Plaintiff further relies upon *State Farm Mut. Auto. Ins. Co. v. Fisher*, 418 P.3d 501 (Colo. 2018) to suggest that as soon as an insurer concludes that benefits are covered under an UIM policy an immediate duty to pay arises, and unreasonably failing to do so gives rise to a statutory bad faith claim. [#34 at 19]. Plaintiff also contends that State Farm's payment of $23,500 the day after he filed suit amounts to a confession of Plaintiff's statutory bad faith claim. [#33 at 3]. Finally, Mr. Roberts asserts that he requires certain discovery of Defendant's knowledge and intent in adjusting his UIM claim. [#33; #34].

In *Turner v. State Farm Mut. Auto. Ins. Co.*, 2015 WL 1297844, a court in this District considered various standards that could be applied to determine whether an insurance company had delayed payment. In that case, State Farm advocated for the application of 3 Colo. Code Regs. 702-5:5-1-14 (2012), which required that:

> All insurers authorized to write property and casualty insurance policies in Colorado, shall make a decision on claims and/or pay benefits due under the policy within sixty (60) days after receipt of a valid and complete claim unless there is a reasonable dispute between the parties concerning such claim, and provided the insured has complied with the terms and conditions of the policy of insurance.

*Turner*, 2015 WL 1297844, at *4 (emphasis omitted) (quoting 3 Colo. Code Regs. 702-5:5-1-14, § 4(A)(1)). In turn, the plaintiff argued for the application of Colo. Rev. Stat. §§ 10-4-642(6)(b)-(c), which required the insured's claim to be paid, denied, or settled within thirty days of the insurer receiving the requested information or within ninety calendar days of receiving the claim. *Id.* The *Turner* court observed that several courts had applied 3 Colo. Code Regs. 702-5:5-1-14, but found that the application of Colo. Rev. Stat. §§ 10-4-642(6)(b)-(c) was not necessarily inconsistent. *Id.* at *5.

Here, the undisputed facts establish that Plaintiff made a demand for UIM benefits on April 12, 2018, and while State Farm made an offer to settle the claims for $59,319.45 on April 17, 2018, *see* [#28 at ¶ 11; #30 at 8], it did not make payments until June 20, 2018 (in the amount of $25,000);[5] August 18, 2018 (in the amount of $10,819.45) [#30-1 at 4]; and December 31, 2018 (in the amount of $5,044.66) [#30-1 at 5; # 28 at ¶ 45]. Then, on February 11, 2019, State Farm made payment of $23,500 for noneconomic loss [#28 at ¶ 49; #30-1], after the filing of this action.

---

[5] State Farm did not attach the June 20, 2018 letter to its Motion for Summary Judgment [#30; #30-1], instead relying upon paragraph 17 of the Amended Complaint, *see* [#30 at 3-4 (citing [#28 at ¶ 17])]. Paragraph 17 of the Amended Complaint, however, does not aver that a $25,000 payment was sent by State Farm on June 20, 2018. [#28 at ¶ 17]. The June 20 letter was, however, attached to Plaintiff's Response to the Motion to Summary Judgment. [#34-2].

9

*See also* [#30-1 at 5]. But as of June 12, 2018, State Farm informed Mr. Roberts that it had included in its evaluation all of Mr. Roberts's medical bills that had been submitted at $88,819.45, and $23,500 for pain and suffering [#34-2 at 24], which Plaintiff characterizes as at least a potential admission by State Farm that it recognized, as of June 12, 2018, that it owed Mr. Roberts at least $23,500 for pain and suffering and failed to pay it until after this suit was filed in February 2019—eight months later. [#34]. Similarly, Plaintiff contends that discovery may yield facts to demonstrate that delaying the payments of $10,819.45 from payment in June 2018 to August 18, 2018, and $5,044.66 from June 2018 to December 2018 were delays due to State Farm's improper attempt to entice Mr. Roberts into a binding global settlement or other unreasonable basis. [*Id.* at 18-19, 22].

Based on the record before the court, summary judgment at this juncture is not warranted. In this case, the timeline alone neither precludes nor establishes liability for undue delay for the amounts in dispute as a matter of law. Had Mr. Roberts sought damages for undue delay for the $25,000 paid in June 2018,[6] or if discovery had already been completed with no more evidence in the record, this court's analysis might be different. But contrary to Defendant's arguments, Plaintiff has pointed to some evidence of industry standards, and nothing in the standards that Plaintiff points to definitively precludes liability at this point. And if discovery yielded testimony like *National Ins. Ass'n v. Sockwell*, 829 So. 3d 111, 119 (Ala. 2002), where the adjuster conceded

---

[6] Plaintiff does not contend that the payment of $25,000 in June 2018 was unreasonably delayed. *See generally* [#34; #24 at 5-6]. And Plaintiff's counsel concedes that Mr. Roberts could not recover an additional $23,500 for breach of contract, but could only, at best, recover "the amount of $23,500 plus prejudgment interest subject to offset of $23,500 paid after February 13, 2019." [#24 at 6]. Thus, consistent with Plaintiff's position as reflected in the Scheduling Order, this court understands that Mr. Roberts claim for statutory bad faith arises from the payments of $10,819.45 in August 2018; $5,044.66 in December 2018; and $23,500 in February 2019, amounting to $62,864.11 plus attorney's fees. [*Id.* at 6-7].

that the plaintiff should have been paid for her UIM benefits but became agitated by the plaintiff's refusal to accept policy limits and said that "she would drag this case out for as long as she could . . . and it would be eight or nine years before [plaintiff] ever saw money," such evidence would be probative of Mr. Roberts's claim for statutory bad faith. Accordingly, this court **DENIES** the Motion for Summary Judgment without prejudice, with leave to re-file on or before the deadline for dispositive motions.

> B. **Breach of Contract**

As discussed above, Defendant does not expressly move for summary judgment on the breach of contract claim. But Defendant asserts that the breach of contract claim is no longer viable. [#30 at 6 n.1]. And Mr. Roberts argues that "Plaintiff believes that it is a question of law whether the first claim for relief [breach of contract] is now moot or whether payment along with other facts evidence that Plaintiff's claim for unreasonable withholding has been confessed." [#33 at 3; #34]. Accordingly, it appears that the Parties agree there are no material facts in dispute with respect to this first claim.

Rule 56(f) of the Federal Rules of Civil Procedure allows this court, after giving notice and a reasonable time to respond, to grant a motion for summary judgment on grounds not raised by a party and consider summary judgment on its own after identifying for the parties material facts that may not be genuinely in dispute. Fed. R. Civ. P. 56(f)(2)-(3). Here, Mr. Roberts argues that as a matter of law, where an insurer makes voluntary payment post-filing of a lawsuit, this is considered a confession. [#34 at 20]. For this proposition, Plaintiff cites *Canterbury at Riverwalk Condo. Ass'n, Inc. v. The Charter Oak Fire Ins. Co.*, No. 2016-cv-1239-MEH, 2016 WL 8465187 (D. Colo. May 24, 2016) and argues "[t]here, the Court cited to Colorado law concerning payment without protest or duress." [#34 at 20]. The significant and most concerning flaw, however, in

11

Mr. Roberts's argument is that he cites not to a court order from the *Canterbury* case but to <u>the plaintiff's Motion for Partial Summary Judgment.</u> *See* Attach. 1. A review of the docket of that case reveals that the *Canterbury* court never adjudicated that motion, because a settlement was reached prior to any disposition. *See* Attach. 2.

Nor is this court persuaded by Plaintiff's citation of *National Ins. Ass'n v. Sockwell*, 829 So. 3d 111 (Ala. 2002). First, as presented in the decision, the *Sockwell* court had no breach of contract claim before it. *Id.* at 114 n.1, 131. The question before it was whether the insurer was entitled to judgment as matter of law on the plaintiff's bad-faith claims. *Id.* at 114. Second, the case arises out of the application of Alabama common law, *id.* at 126-30, not Colorado law on breach of contract or even Colo. Rev. Stat. § 10-3-1115(1)(a). Third, this court finds Plaintiff's citation of *Norton v. Ray*, 78 P.2d 979 (Colo. 1938), where the defendant had admitted he had not paid plaintiff for rents due on certain premises, inapposite.

To prevail on a claim for breach of contract under Colorado law, a plaintiff must prove the following elements: (1) the existence of a contract; (2) performance by the plaintiff or some justification for nonperformance; (3) failure to perform the contract by the defendant; and (4) resulting damages to the plaintiff. *PayoutOne v. Coral Mortg. Bankers*, 602 F. Supp. 2d 1219, 1224 (D. Colo. 2009) (citing *W. Distrib. Co. v. Diodosio*, 841 P.2d 1053, 1058 (Colo. 1992)). Mr. Roberts alleges that State Farm breached its duties under the contract by acting unreasonably and failing to promptly pay what was owed pursuant to the policy. [#28 at ¶¶ 53-54]. But Plaintiff fails to identify any <u>contractual obligation</u> that was breached, and he fails to aver any resulting damages attributable to a <u>contractual breach</u> now that he has been paid the full amount of benefits owed under his UIM policy, including but not limited to the $23,500 paid for noneconomic damages. *See generally* [#28]. Thus, this court **ORDERS** Plaintiff to **SHOW CAUSE** within

fourteen (14) days of this Order why the court should not grant summary judgment to State Farm as to Claim 1 of the Amended Complaint for breach of contract.

## II. Motion to Stay

Defendant moved for a stay of discovery pending resolution of its Motion for Summary Judgment because, according to Defendant, the Motion for Summary Judgment is potentially dispositive of all claims in this action. *See* [#31]. Having decided the issue of summary judgment, Defendant's request for a stay is moot. But within the context of the Motion to Stay State Farm also moved for a protective order against certain discovery under Rule 26(c), arguing that the discovery issued by Plaintiff is "not proportionate to the needs" of the case, is overbroad, and is unduly burdensome. *See* [#30 at 3-5 (listing the propounded discovery requests)].

Given the court's ruling contained herein, this court agrees that discovery should be defined to the particular issues that are still at play, e.g., how and when State Farm determined it owed Mr. Roberts $10,819.54, $5,044.66, and $23,500 in UIM benefits and any justification for the time between such determination and payments in August 2018, December 2018, and February 2019, respectively. In considering the proposed Rule 30(b)(6) Notice provided by Plaintiff to Defendant, *see* [#33-1], it appears that the Notice as drafted seeks information broader than "circumstances relating to the withholding of benefits and the strategy of Defendant" related to those three payments. [#34 at 2]. For instance, it is not clear "how [State Farm] retained an attorney" is relevant to the circumstances relating to the withholding of benefits and the strategy of Defendant. [#33-1 at 2]. On the other hand, some of the topics appear to be directed at Plaintiff's identified concerns. In any case, it is not appropriate for the court to craft arguments for any party, particularly ones who are represented by able counsel. *See United States v. Davis*, 622 F. App'x 758, 759 (10th Cir. 2015) ("[I]t is not this court's duty, after all, to make arguments for a litigant

13

that he has not made for himself"); *Phillips v. Hillcrest Med. Ctr.*, 244 F.3d 790, 800 n.10 (10th Cir. 2001) (observing that the court has no obligation to make arguments or perform research on behalf of litigants). The court finds that the better course of action is to adjudicate the Parties' specific discovery disputes, after a robust meet and confer, with the court's rulings in mind.

## CONCLUSION

Therefore, for the reasons stated herein, **IT IS ORDERED** that:

(1) Defendant's Motion for Summary Judgment [#30] is **DENIED without prejudice**, with leave to re-file by the dispositive motions deadline;

(2) Plaintiff must **SHOW CAUSE** no later than **July 24, 2019** why Claim 1 for Breach of Contract should not be dismissed in light of his concession that Defendant has paid all owed UIM benefits, including but not limited to $23,500 in noneconomic damages;

(3) Defendant's Motion to Stay [#31] is **DENIED AS MOOT**; and

(4) Defendant's Unopposed Motion for Leave to File Excess Pages [#35] is **DENIED AS MOOT**.

DATED: July 10, 2019

BY THE COURT:

_____
Nina Y. Wang
United States Magistrate Judge