**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 19-cv-00319-NYW

JAMES ROBERTS,

    Plaintiff,

v.

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,

    Defendant.

## MEMORANDUM OPINION AND ORDER

Magistrate Judge Nina Y. Wang

This matter comes before the court on the Order to Show Cause dated July 10, 2019 [#36], Plaintiff James Roberts's ("Plaintiff" or "Mr. Roberts") Response to the Order to Show Cause (or "Plaintiff's Response"), filed July 11, 2019 [#37], and Defendant State Farm Mutual Automobile Insurance Company's ("Defendant" or "State Farm") Response to Plaintiff's Response to Order to Show Cause ("Defendant's Response"), filed July 25, 2019 [#43]. The undersigned Magistrate Judge considers this matter pursuant to 28 U.S.C. § 636(c) and the Order of Reference for all purposes [#15]. This court concludes that oral argument will not materially assist in the resolution of these matters. Accordingly, having reviewed the Parties' Responses, the applicable case law, and being sufficiently advised in the premises, the court **GRANTS** summary judgment in favor of Defendant and against Plaintiff and **DISMISSES with prejudice** Plaintiff's breach of contract claim.

## BACKGROUND

The court has discussed the background of this matter in its prior Memorandum Opinion and Order and Order to Show Cause, *see* [#36], and therefore limits its discussion here to only the

most salient facts. This civil action arises out of an insurance dispute between Plaintiff and his insurer State Farm, stemming from bodily injuries Plaintiff sustained in an automobile collision. *See* [#1; #28 at ¶¶ 7-8]. Believing his medical bills were more than the tortfeasor's own insurance limits, Plaintiff sought additional underinsured motorist ("UIM") benefits from State Farm under Policy Number 069 0807-D08-06J (the "Policy"). *See* [#28 at ¶ 9].

The Parties exchanged several rounds of correspondence regarding Mr. Roberts's UIM claim. *See* [*id.* at ¶¶ 10-46]. Specifically, on April 17, 2018, State Farm offered $59,319.45 to settle Plaintiff's claim. [*Id.* at ¶ 11]. Then, on June 12, 2018, State Farm wrote Mr. Roberts and stated that it had evaluated $23,500 for pain and suffering for Plaintiff's UIM claim. [*Id.* at ¶ 14]. Though State Farm tendered benefits in the amount of $35,819.45 under the insurance policy, *see* [*id.* at ¶¶19-20], Plaintiff initiated this civil action asserting claims for breach of contract and unreasonable delay or denial of an insurance benefit pursuant to Colo. Rev. Stat. § 10-3-1115 ("statutory bad faith") on February 6, 2019, *see* [#1]. Following service of the Complaint on February 11, 2019, Defendant tendered an additional $23,500 in benefits as a reasonable amount owed to Plaintiff. *See* [#28 at ¶ 49].

On May 16, 2019, the Parties appeared before the undersigned for a Scheduling Conference. *See* [#23]. Relevant here, the court had a discussion with the Parties regarding the claims Mr. Roberts asserted in this matter:

> THE COURT: And so as I understand it, your previous complaint had both a late payment of the UIM benefits and then a breach of contract based on nonpayment. They paid the $23,500; is that right?
>
> MR. FRANKL: Correct, Your Honor.
>
> . . .

> MS. SALG: So, Your Honor, my understanding is that the plaintiff is actually withdrawing the breach of contract claim, and if that is the case -- so the only case that's going to go forward would be the statutory delay/denial claim . . . .
>
> THE COURT: That's not exactly the way I read the statements of the claim, so Mr. Frankl, do you want to clarify that?
>
> MR. FRANKL: That is not how I read it either. I'm a little -- as I – I've had a chance to do more research and I found that there are cases which hold that where there is payment of an amount claimed after a lawsuit is filed, that that can be deemed a confession under some circumstances. It depends in part on whether State Farm, either through its witnesses or representatives, basically says the amount was due all along. And based on that interpretation, I think it's both breach of contract and unreasonable denial, but also unreasonable delay now that that money has been paid.
>
> THE COURT: Okay. So it sounds to me, Mr. Frankl, based on that -- so I'm going to be frank with you. I'm not sure how you can recover on both a breach contract for delay as well as a statutory delay, but --
>
> MR. FRANKL: I can't.

[#46 at 3:1-5, 3:11-15, 3:17-4:9].[1] Counsel for Plaintiff later clarified that Plaintiff was not seeking any additional benefits under the Policy:

> MR. FRANKL: No. Basically at this point when the complaint was filed, there was $23,000 --
>
> THE COURT: Right.
>
> MR. FRANKL: -- admittedly unpaid. That has been paid now. So it's all delay and whether legally the Court should hold that that is a confession of the unreasonable denial claim with regard to 23,500.
>
> . . .
>
> THE COURT: My understanding then of this case is that Mr. Frankl's client is not claiming any additional breach of contract. He is claiming that he was owed $23,500 and 15,000 and change of MedPay payments that were delayed, but that he has now been paid everything he is due under the policy.
>
> MR. FRANKL: That -- that is, in essence, correct.

---

[1] When citing to a transcript, the court cites the document generated by the Electronic Court Filing ("ECF") system but the page and line number generated by the transcript.

[*Id.* at 13:9-15, 14:21-15:1]. The court then directed Plaintiff to file an Amended Complaint to further clarify the claims asserted. *See* [#23].

Mr. Roberts filed his Motion to Amend his Complaint on May 31, 2019. *See* [#25]. Nearly two weeks later, on June 13, 2019, the Parties appeared before the undersigned for an informal telephonic discovery dispute conference, at which Mr. Roberts's counsel again conceded that Mr. Roberts was not seeking any additional benefits under the Policy:

> MR. FRANKL: This is simply a case for unreasonable delay and denial and statutory bad faith . . . .
>
> . . .
>
> THE COURT: my recollection was, our discussion was whether or not he could pursue a breach of contract claim going forward if his client's position was that he had been paid everything that he was due at this point. Mr. Frankl had an argument as to why there might still be a breach of contract and why he needed to keep his claim in there.
>
> . . .
>
> MR. FRANKL: in connection with a motion to amend, there was a question as to whether indeed the payment post-filing of the lawsuit on the -- after service of the lawsuit constituted either a confession or, alternatively, mooted the breach of contract claim. There remains, no matter what, claims for unreasonable delay and for denial.
>
> . . .
>
> THE COURT: Mr. Frankl, you correct me if I'm wrong, but I thought you made a representation to the Court during the scheduling conference that you were not seeking any additional benefits for your clients; that this was --
>
> MR. FRANKL: That is correct and it is still correct.

[#47 at 3:4-5, 4:24-5:4, 6:6-12, 7:17-22]. Because Defendant did not oppose the filing of an Amended Complaint, the court granted Plaintiff's Motion to Amend. *See* [#27]. The Amended

4

Complaint, like the Complaint, asserts a breach of contract and statutory bad faith claim. *See* [#28].

On June 14, State Farm filed an Answer [#29]; a Motion for Summary Judgment, arguing that it is entitled to judgment as a matter of law on Plaintiff's statutory bad faith claim [#30]; and a Motion to Stay Discovery [#31]. The court issued its Memorandum Opinion and Order and Order to Show Cause on the Motion for Summary Judgment and Motion to Stay Discovery on July 10, 2019. *See* [#36]. As to the statutory bad faith claim, the court denied State Farm's Motion for Summary Judgment, holding that the timeline of payments tendered by State Farm "alone neither precludes nor establishes liability for undue delay for the amounts in dispute as a matter of law." [*Id.* at 10]. Although the Motion for Summary Judgment did not address the breach of contract claim, the court ordered Plaintiff to show cause in writing why summary judgment should not enter pursuant to Rule 56(f) of the Federal Rules of Civil Procedure in favor of State Farm on the breach of contract claim given Mr. Roberts's failure to identify any contractual obligation breached or any resulting damages. *See* [*id.* at 12-13].

Plaintiff filed his Response on July 11, 2019, arguing State Farm's delay in paying the remaining $23,500 was unreasonable and a breach of the Policy and allows Mr. Roberts to seek prejudgment interest on this amount as damages. *See* [#37]. The court ordered State Farm to respond by July 18, 2019, later extended to July 25, 2019. *See* [#38; #42]. State Farm's Response contends Mr. Roberts's breach of contract claim is moot, because he received all benefits owed under the UIM policy and prejudgment interest is not available when the Parties settle their breach of contract claim prior to trial. *See* [#43]. The court prohibited any replies absent leave of court, and the Parties have not sought leave to do so. *See* D.C.COLO.LCivR 7.1(d). Thus, the matter is ripe for disposition and I consider the Parties' arguments below.

## LEGAL STANDARD

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, summary judgment is warranted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A dispute is genuine if there is sufficient evidence so that a rational trier of fact could resolve the issue either way. A fact is material if under the substantive law it is essential to the proper disposition of the claim." *Crowe v. ADT Sec. Servs., Inc.*, 649 F.3d 1189, 1194 (10th Cir. 2011) (internal citations and quotation marks omitted). It is the movant's burden to demonstrate that no genuine dispute of material fact exists for trial, whereas the nonmovant must set forth specific facts establishing a genuine issue for trial. *See Nahno-Lopez v. Houser*, 625 F.3d 1279, 1283 (10th Cir. 2010). And the court will "view the factual record and draw all reasonable inferences therefrom most favorably to the nonmovant." *Zia Shadows, L.L.C. v. City of Las Cruces*, 829 F.3d 1232, 1236 (10th Cir. 2016). But the Federal Rules of Civil Procedure also permit the court to grant summary judgment "'on grounds not raised by a party,' but only 'after giving notice and a reasonable time to respond.'" *Oldham v. O.K. Farms, Inc.*, 871 F.3d 1147, 1150 (10th Cir. 2017) (brackets omitted) (quoting Fed. R. Civ. P. 56(f)(2).

## ANALYSIS

To prevail on a claim for breach of contract under Colorado law, Mr. Roberts must prove:

1. the existence of a contract;
2. his performance;
3. State Farm's failure to perform and/or breach; and
4. his resulting damages.

*See Xtreme Coil Drilling Corp. v. Encana Oil & Gas (USA), Inc.*, 958 F. Supp. 2d 1238, 1243 (D. Colo. 2013) (citing *W. Distrib. Co. v. Diodosio*, 841 P.2d 1053, 1058 (Colo. 1992)). In its Memorandum Opinion and Order and Order to Show Cause the court concluded Mr. Roberts "fail[ed] to identify any <u>contractual obligation</u> that was breached, and he fail[ed] to aver any resulting damages attributable to a <u>contractual breach</u> now that he has been paid the full amount of benefits owed under his UIM policy, including but not limited to the $23,500 paid for noneconomic damages." [#36 at 12 (emphasis in original)]. The court therefore ordered Mr. Roberts to show cause in writing why summary judgment should not enter in favor of State Farm as to the breach of contract claim.

In his Response to the Order to Show Cause, Mr. Roberts states, "Failure to make payment when due is a breach of a contract. Damages . . . include the amount owed plus interest." [#37 at 1]. He maintains that Colorado laws and regulations existing at the time the Parties entered the Policy are incorporated in the Policy, with said laws and regulations requiring State Farm to perform its obligations under the Policy within a reasonable time and requires a decision on payment within 60 days of a claim. *See* [*id.* at 2]. From what the court can infer, Mr. Roberts believes State Farm did not do so here and breached the contract, which may entitle Mr. Roberts to an award of prejudgment interest. *See* [*id.*]. To find his breach of contract claim moot, Mr. Roberts argues, would lead to an absurd result. *See* [*id.* at 2-3]. I respectfully disagree.

To be sure, in interpreting contracts, courts "consider the law existing at the time a contract was executed as a part of the document itself." *McShane v. Stirling Ranch Prop. Owners Ass'n, Inc.*, 393 P.3d 978, 982 (Colo. 2017). But the court is unpersuaded by Mr. Roberts's assertions that Colorado laws and regulations regarding reasonable investigation and a 60-day payment decision are incorporated into the Policy as a contractual obligation such that the circumstances

7

here give rise to a breach of contract claim. Mr. Roberts identifies no authority for this proposition, and the court's research similarly yielded none. Rather, Colorado laws and regulations governed the Parties' relationship once they entered the Policy. *See Sobolewski v. Boselli & Sons, LLC*, 342 F. Supp. 3d 1178, 1187 (D. Colo. 2018) (concluding that federal and state wage laws "are merely incorporated into the terms of the contract" and "impose minimum rules on an employer-employee relationship once such a legal relationship is formed."). Colorado law specifically recognizes an independent tort for an insurer's violation of these laws and/or regulations. *See Goodson v. Am. Standard Ins. Co. of Wisconsin*, 89 P.3d 409, 414 (Colo. 2004) (explaining that an insurer's breach of the duty of good faith and fair dealing gives rise to an independent tort); *Am. Family Mut. Ins. Co. v. Allen*, 102 P.3d 333, 343 (Colo. 2004) (stating that the Unfair Claims Settlement Practices Act can serve as evidence of the standard of care governing bad faith claims); Colo. Rev. Stat. § 10-3-1115 (providing a civil remedy to insureds for an insurer's unreasonable delay or denial of an insurance benefit). Indeed, to the extent that Mr. Roberts' argument was correct, then every finding of undue delay would necessarily also be a breach of contract, giving rise to prejudgment interest—relief that is not contemplated by the Colorado statute.

Further, Mr. Roberts's counsel clarified on the record (twice) that Mr. Roberts seeks no additional benefits under the Policy given State Farm's payment of $23,500. *See* [#46 at 13:9-15, 14:21-15:1; #47 at 3:4-5, 4:24-5:4, 6:6-12, 7:17-22]. To allow Mr. Roberts to proceed under his asserted theory, then, would allow him to maintain a breach of contract claim and a statutory bad faith claim arising from the <u>same</u> nucleus of facts—a position the court has explicitly rejected, *see MacKinney v. Allstate Fire & Cas. Ins. Co.*, No. 16-CV-01447-NYW, 2016 WL 7034977, at *6 (D. Colo. Dec. 1, 2016), and which Plaintiff's counsel admittedly conceded Plaintiff could not do,

8

*see* [#46 at 3:17-4:9]. Thus, the court again concludes Mr. Roberts fails to prove State Farm breached the Policy.

Nevertheless, even assuming Mr. Roberts could maintain his breach of contract claim under the same facts as his statutory bad faith claim, the court finds Mr. Roberts is not entitled to prejudgment interest and thus has suffered no damages. Mr. Roberts argues that his breach of contract claim is not moot because the Parties still dispute whether Mr. Roberts is entitled to prejudgment interest on the withheld but later tendered $23,500. In doing so, Mr. Roberts relies on *USAA v. Parker*, 200 P.3d 350 (Colo. 2009). But *Parker* considered which of two prejudgment interest statutes governed an award to an insured in a UIM case. *Id.* at 353. The Colorado Supreme Court held that prejudgment interest was available to an insured in UIM cases and the "personal injury statute," Colo. Rev. Stat. § 13-21-101(1), governed the calculation of that prejudgment interest. *See id.* at 353, 358-61. In reaching this conclusion, the Colorado Supreme Court concluded USAA's tender of the disputed prejudgment interest after filing its appeal did not moot the issue. *See id.* at 356-57. *Parker* is thus inapposite to this matter.

In its Response, State Farm argues Mr. Roberts cannot recover prejudgment interest because the Parties' settled the breach of contract claim when State Farm tendered and Mr. Roberts accepted the $23,500. *See* [#43 at 1-3]. Defendant explains that this comports with the Colorado Supreme Court's holding in *Munoz v. American Family Mutual Insurance Company*, 425 P.3d 1128 (Colo. 2018). I respectfully agree.

In *Munoz*, the Colorado Supreme Court considered whether an insurer was required to pay prejudgment interest on an accepted settlement of a UIM claim. *See* 425 P.3d at 1129. There Mr. Munoz submitted a UIM claim with his insurer and demanded prejudgment interest as part of that claim. *See id.* The insurer offered Mr. Munoz a sum-certain for his UIM claim, excluding

9

prejudgment interest, and Mr. Munoz accepted that amount. *See id.* After doing so, Mr. Munoz filed suit seeking a determination that the insurer was required to include prejudgment interest in its offer.

The Colorado Supreme Court, like the District Court and Court of Appeals, held Mr. Munoz was not entitled to prejudgment interest on the amount offered and accepted for his UIM claim. *Munoz*, 425 P.3d at 1129-30. This was because prejudgment interest was available only if Mr. Munoz (1) filed an action, (2) claimed damages and interest in the complaint, (3) a jury or the court found said damages, and (4) he received judgment in his favor. *See id.* at 1130. The Colorado Supreme Court concluded Mr. Munoz could not satisfy these four required elements because of the pre-suit settlement of his UIM claim, notwithstanding his suit seeking prejudgment interest. *See id.* at 1131 ("This reading of the statute is consistent with what we have previously held to be its purpose: To compensate the plaintiff for the time value of the amount of his or her judgment." (internal brackets and quotation marks omitted)). The Colorado Supreme Court also rejected Mr. Munoz's reliance on *Parker*, "But *Parker* did not hold that an insured is entitled to collect prejudgment interest when he settles a claim with his insurer. Instead, it pertained to collecting prejudgment interest from an insurer only after obtaining a <u>judgment</u> against said insurer." *Id.* at 1132 (emphasis in original). Accordingly, the Colorado Supreme Court held, "an insured is not entitled to collect prejudgment interest against an insurer on a settlement." *Id.*

While *Munoz* is not identical to this action given that the insurer paid Mr. Munoz's UIM claim prior to suit, I find its reasoning equally applicable here. Plaintiff demanded the $23,500 as the remaining benefits owed under the Policy; when State Farm did not tender those benefits, Mr. Roberts filed suit. State Farm then tendered $23,500, and Mr. Roberts has insisted on the record that he does not seek any additional benefits under the Policy. And because the court is disinclined

10

to accept Mr. Roberts's theory of liability on his breach of contract claim, I find Mr. Roberts cannot prove he suffered damages (because he received all he was owed under the Policy) or that he will receive a judgment in his favor on his breach of contract claim. Thus, Mr. Roberts's is not entitled to prejudgment interest on his breach of contract claim and this claim must fail as a matter of law. *See Munoz*, 425 P.3d at 1129-32.

## CONCLUSION

Therefore, for the reasons stated herein, **IT IS ORDERED** that:

(1) Summary judgment is hereby entered in **FAVOR** of State Farm and **AGAINST** Mr. Roberts on Mr. Roberts's breach of contract claim; and

(2) Mr. Roberts's breach of contract claim is **DIMISSED with prejudice**.

DATED: October 9, 2019                              BY THE COURT:

_____
Nina Y. Wang
United States Magistrate Judge